UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTATE OF MILDRED J. HOSKINS; ANDREW HOSKINS and ERICK HOSKINS, as co-personal representatives and individually; CHRISTOPHER HOSKINS; ESTELITA HOSKINS,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES WELLS FARGO BANK, N.A.; and NATIONSTAR MORTGAGE, LLC d/b/a CHAMPION MORTGAGE,<br><br>Defendants. | CASE NO. C20-75RSM<br><br>ORDER GRANTING IN PART MOTIONS TO DISMISS |

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motions to Dismiss under Rule 12(b)(6). Dkts. #18 and #19. Plaintiffs oppose. For the reasons stated below, the Court GRANTS IN PART Defendants' Motions, dismissing certain claims with prejudice and certain claims without prejudice and with leave to amend.

## II. BACKGROUND

For purposes of this Motion to Dismiss, the Court will accept all facts in the Complaint as true. The Court will briefly summarize these facts as necessary for ruling on this Motion.

The Estate of Mildred J. Hoskins, Plaintiff, is the owner of the real property located at 4709 46th Ave S in Seattle, Washington. Plaintiffs Erick and Andre Hoskins are the co-personal representatives of the Estate and sue on its behalf and in their individual capacities. These two as well as Plaintiffs Christopher and Estelita Hoskins are the heirs of Mildred J. Hoskins.

On or about January 10, 2003, Rufus and Mildred Hoskins entered into a reverse mortgage on their property with Defendant Wells Fargo Bank, N.A. The Promissory Note included a rider stating that $30,000 would be paid to conduct necessary repairs on the home and to the late Mr. Hoskins' then-appointed guardian "Partner in Care." However, Plaintiffs claim that no home repairs have ever been made, Defendants have not accounted for these funds, Plaintiffs have not received these funds, and that Plaintiffs are not aware of any party receiving the funds.

The appointed guardian for Mr. Hoskins advised the court handling the guardianship proceedings that the repairs were completed, terminated the guardianship, and collected the applicable fees. Plaintiffs allege that Wells Fargo failed to conduct any due diligence to confirm that the work was in fact done. The repair work at issue included repairing and/or replacing the foundation, wiring, structural support members, exterior door, windows, flooring, and ceiling, as well as mold remediation.

In 2012, Wells Fargo sent correspondence to Plaintiffs purporting to have advanced funds to pay for property taxes and insurance and stating that the home loan was in default prior to taxes being due.

In 2016 through 2017, Wells Fargo contacted Plaintiffs' insurance company to put them on notice that the above property was vacant, which was apparently incorrect. This caused the insurance company to give notice of termination of the Homeowners policy.

In April of 2017, Defendants began the foreclosure process, issuing a notice of default. The Plaintiffs entered into the Washington State Foreclosure Fairness Act mediation program and made a $2,400.11 payment to Wells Fargo qualifying them for the opportunity to correct the default.

Wells Fargo transferred the loan to Defendant Champion Mortgage and the loan was never taken out of default status. In October of 2018, Champion initiated foreclosure. Plaintiffs requested mediation, which occurred on January 24, 2019. This mediation was unsuccessful and the mediator issued a certificate of bad faith against Champion.

On December 17, 2019, Plaintiffs filed the instant suit against Defendants Wells Fargo and Nationstar Mortgage d/b/a Champion Mortgage. Dkt. #1-1. Plaintiffs essentially claim that Defendants failed to provide the repair funds, failed to follow industry guidelines, attempted to foreclose on the property improperly, and treated Mildred Hoskins differently because she was a black woman. Plaintiffs bring claims under the Washington State Consumer Protection Act ("CPA"), state Consumer Loan Act, the Truth in Lending Act ("TILA"), the Equal Credit Opportunity Act ("ECOA"), Home Ownership and Equity Protection Act ("HOEPA"), Deed of Trust Act ("DTA"), Fair Debt Collections Practices Act ("FDCPA"), Washington Law Against Discrimination ("WLAD"), RCW 62A-3-305 recoupment, and common law breach of contract. *Id.*

### III. DISCUSSION

**A. Legal Standard under Rule 12(b)(6)**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual

allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

B. **Defendants' Motions to Dismiss under Rule 12(b)(6)**

Out the outset, the Court generally notes that Plaintiffs' Complaint fails to satisfy the above federal pleading standards, almost exclusively pleading mere labels and conclusions rather than sufficient factual matter to state a claim to relief that is plausible on its face. To the extent that a claim is not addressed below, it is properly dismissed with leave to amend for Plaintiffs to restyle their Complaint under the above standards.

1. **Claims brought by Plaintiffs in their individual capacities**

Defendants argue that Plaintiffs in their individual capacity lack standing. Dkt. #18 at 5; Dkt. #19 at 3. Under Washington law, third parties (such as individual "heirs") do not have an automatic right to sue on a contract or raise claims of injury to real property they do not own unless they are third party beneficiaries. *See Ramos v. Arnold*, 141 Wn. App. 11, 21–22, 169 P.3d 482 (2007) (dismissing contract claim "because [plaintiffs] were not a party to the …

contract"); *see also Grudzinski v. Grudzinski*, 176 Wn. App. 1012, *5–*6 (Aug. 27, 2013) (unpublished) (heirs lack "standing to raise a claim for injury to real property" because they did not own the real property at the time of the alleged injury). The Complaint is clear that the Estate owns the Property in question, and there is no evidence that under any applicable agreement the promising party was to assume a "direct obligation" to these individual Plaintiffs as intended beneficiaries. *See Ramos*, 141 Wn. App. at 21 (citing *Schaaf v. Highfield*, 127 Wn.2d 17, 21 n.5, 896 P.2d 665 (1995)).

Plaintiffs do not address Defendants' standing argument except to state that they have standing to assert their CPA claim under an expectancy interest. Dkt. #22 at 6. This lack of a response leaves the Court with no basis to find standing for the other claims. Defendant Wells Fargo correctly points out that the expectancy interest argument is unsupported, and cites to RCW 11.04.250 and *Grudzinski* to argue that the individual plaintiffs had no interest in the reverse mortgage or the Property prior to Mrs. Hoskins' death. Dkt. #24 at 3 (citing 176 Wn. App. 1012 at *5–*6 (heirs lack "standing to raise a claim for injury to real property" where they did not own the real property at the time of the alleged injury)).

The Court agrees with Defendants and finds that all claims brought by Plaintiffs Erick and Christopher Hoskins in their individual capacity and all claims brought by the remaining Plaintiffs are properly dismissed with prejudice for lack of standing. Only the Estate has standing to sue Defendants on these claims.

**2. CPA Claim brought by the Estate**

"To prevail in a private [Consumer Protection Act] claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Panag v. Farmers Ins.*

*Co. of Washington*, 166 Wn.2d 27, 204 P.3d 885, 889 (2009) (citing *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 786, 719 P.2d 531 (1986)).

Plaintiffs argue that Wells Fargo violated the CPA by (1) advising "Mildred Hoskins' insurer, Allstate… that the Plaintiffs' home was vacant, causing [her] insurance to be canceled and making the loan fall into default," and (2) advancing property taxes before they were due. Dkt. #22 at 7–8. Plaintiffs' claims do not address the public interest prong of the CPA. As Wells Fargo argues, Plaintiffs have failed to plead facts that could establish a "likelihood that additional plaintiffs have been or will be injured in exactly the same fashion." Dkt #24 at 5 (citing *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 604–05, 200 P.3d 695 (2009)). Additionally, the Court agrees that Plaintiffs' bare assertion that Wells Fargo caused damages to "the equity in their family home," Dkt. #22 at 8, is insufficient because it provides no specifics about the nature of the injury to Plaintiffs' business or property, much less how Wells Fargo caused an injury that would not have otherwise occurred.

The Court agrees with Defendant Champion that Plaintiffs' CPA allegations against that party "fail to identify an unfair or deceptive act or practice, fail to identify a public interest impact, fail to articulate any specific injury caused to Plaintiffs, and fail to establish any causal link between an act of Champion and an injury to Plaintiff." Dkt. #18 at 7.

These flaws warrant dismissal of this claim. However, the Court finds that Plaintiffs could possibly allege facts consistent with the existing Complaint to cure the above deficiencies and will therefore grant leave to amend.

### 3. Breach of Contract Claim

Plaintiffs' Breach of Contract claim states only:

> Plaintiffs incorporate by this reference the averments contained in paragraphs 1 through 70 above. The loan obligations constitute a contract between the parties. All of the loan obligations incorporate

> terms that the parties will comply with all requirements of law. Defendants have not complied with all requirements of law, which are material breaches of the parties' contract. Defendants have further failed to honor the agreement. Such breaches of contract have deprived Plaintiffs of the benefit of their bargain and caused them damages in amounts to be proven at the time of trial.

Dkt. #1-1 at 9–10. Defendants argue, *inter alia*, that this fails to state a claim under the *Twombly/Iqbal* standard. The Court agrees. Defendants have no notice from the above *what* was breached by *whom*, nor exactly *how* Plaintiffs were damaged. On the other hand, the Court is not convinced at this stage that a breach of contract claim cannot be brought by Plaintiffs in some form. Rather than have the parties dispute in briefing what is being claimed, the Court will simply dismiss this claim without prejudice and with leave to amend.

### 4. Recoupment under RCW 62A-3-305

RCW 62A-3-305 states in part that "the right to enforce the obligation of a party to pay an instrument is subject to… [a] claim in recoupment of the obligor against the original payee of the instrument if the claim arose from the transaction that gave rise to the instrument; but the claim of the obligor may be asserted against a transferee of the instrument only to reduce the amount owing on the instrument at the time the action is brought."

Plaintiffs' claim states:

> Plaintiffs incorporate by reference the averments contained in paragraphs 12 through 67 above. Plaintiffs are entitled to assert their claim for recoupment pursuant to RCW 62A-3-305. Plaintiff's amount of recoupment will be determined at the time of trial.

Dkt. #1-1 at 9. Defendant Champion argues that Plaintiffs fail to allege they suffered any damages as a result of the act or omission of that party. Plaintiffs' claim generally fails to satisfy the *Twombly/Iqbal* standard and will be dismissed without prejudice and with leave to amend.

### 5. TILA, ECOA, and HOEPA Claims

The Court generally agrees with Defendants' briefing on these three claims. *See* Dkt. #19 at 5–7; Dkt #18 at 6 n.2 and n.3. Not only are these three claims inadequately pled and inapplicable to Defendant Champion, Plaintiffs do not explain why they are not barred by the applicable statutes of limitations. A claim under TILA is subject to a one-year statute of limitations. 15 U.S.C. § 1640(e). Because TILA concerns disclosures made in connection with a loan closing, a cause of action under TILA arises as of the date of the loan closing. *See Zeppeiro v. Ditech Fin., LLC*, 781 F. App'x 676, 676 (9th Cir. 2019). A claim under the Homeowners Equity Protection Act ("HOEPA") is also subject to the TILA one-year statute of limitations. 15 U.S.C. § 1640(e); *Cebrun v. HSBC Bank USA, N.A.*, 2011 WL 321992, *3 (W.D. Wash. Feb. 2, 2011). Under the Equal Credit Opportunity Act ("ECOA"), plaintiffs were required to file any claim within five years of the date on which the claim occurred. 15 U.S.C. § 1691e(f). Plaintiffs base their ECOA claim on Wells Fargo's alleged failure "to provide proper notices." Dkt. #1-1 at ¶ 47. It appears to the Court that such a claim would have arisen in 2003 when Wells Fargo originated the Reverse Mortgage. Thus, plaintiffs' ECOA claim against Wells Fargo is apparently time-barred. Plaintiffs do not address these arguments, and the Court does not find they can be cured with further amendment. Accordingly, all of these claims are dismissed with prejudice.

### 6. WLAD Claim

Plaintiffs' claim does not state what acts of Defendants were discriminatory or why Plaintiffs have a basis to believe Ms. Hoskins was treated differently because she was a black woman. *See* Dkt. #1-1 at ¶¶63-67. Plaintiffs do not differentiate between the Defendants or state when the alleged discriminatory acts occurred. Many of the alleged acts, even if they

violated the WLAD, would be time-barred. In any event, this claim fails the *Twombly/Iqbal* standard and will be dismissed with leave to amend.

### 7. Remaining Claims against Wells Fargo

Plaintiffs concede that they do not assert the following claims against Wells Fargo: (1) Count B (Consumer Loan Act); (2) Count G (Fair Debt Collection Practices Act); (3) Count F (Deed of Trust Act); and (4) Count I (recoupment). *See* Dkt. #22 at 9–10 (noting that all four above-mentioned claims "are aimed at Defendant Nationstar Mortgage, LLC"). These claims are dismissed with prejudice as to Defendant Wells Fargo.

### 8. FDCPA Claim against Champion

Champion argues that Plaintiffs fail to allege that Champion is a debt collector, that Champion engaged in debt collection activities, or that they are consumers, as those terms are defined by the FDCPA, and fail to allege that they suffered any damages as a result of any conduct by Champion. Champion also questions whether this claim is based solely on damages from foreclosure proceedings, arguing that such authorized by paragraph 9(a)(i) of the Deed of Trust, and that "commencement of non-judicial foreclosure, in any event, could not violate the FDCPA." Dkt. #18 at 8 (citing *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019)). The Court agrees with Champion that this claim is insufficiently pled and will dismiss without prejudice and with leave to amend.

### 9. Deed of Trust Act Claim against Champion

Champion argues that Plaintiffs' claim for violation of the DTA fails because they do not allege that a trustee's sale of the Property has occurred and because they fail to allege that they suffered any damages as a result of Champion's acts or omissions. Dkt. #18 at 9 (citing, *inter alia*, *Myers v. Mortgage Elec. Registration Sys., Inc.*, No. 11-CV-05582 RBL, 2012 WL 678148, at *3 (W.D. Wash. Feb. 24, 2012) *aff'd*, 540 F. App'x 572 (9th Cir. 2013)).

In Response, Plaintiffs admit that "the DTA does not create an independent cause of action for monetary damages based on violations before a foreclosure has occurred" but argue that a violation of the DTA may be used to pursue a CPA claim. Dkt. #20 at 11.

The Court finds that the parties agree that the DTA claim cannot be pursued as a separate claim here, and that Plaintiffs are free to argue violation of the DTA in pursuit of a CPA claim if they are able to amend their pleading consistent with the Court's holding above. This claim is dismissed with prejudice.

## IV.   CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants' Motions to Dismiss, Dkts. #18 and #19, are GRANTED IN PART. Plaintiffs' claims are DISMISSED with and without prejudice as stated above.

(2) Plaintiffs are granted leave to file an Amended Complaint curing the above-mentioned deficiencies **no later than thirty (30) days** from the date of this Order. Failure to file an Amended Complaint within this time period will result in this case being closed.

DATED this 6th day of April, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE